# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:21-CR-123-JDK-AGD-1 |
| | § | |
| TERRANCE KING | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Terrance King's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on February 4, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen McCoy of the Federal Public Defender's Office. The Government was represented by Paul Morris.

Defendant was sentenced on July 20, 2022, before The Honorable Jeremy D. Kernodle of the Eastern District of Texas after pleading guilty to the offense of Aggravated Identity Theft, a Class E felony. Pursuant to 18 U.S.C. § 1028A, this offense carried a mandatory imprisonment term of 24 months. Defendant was subsequently sentenced to 24 months imprisonment followed by a one-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, GED requirement, no contact with victims, and a $100 special assessment. On December 7, 2022, a request for designation was submitted by the U.S. Marshals Service. The Designation & Sentencing Computations Center reviewed Defendant's case and determined, along with all applicable jail credits, that Defendant's release date should have been April 12, 2022. On December 13, 2022, Defendant completed his period of imprisonment and began service of the supervision term. Defendant over-served his

prison sentence by 240 days, and such time will be credited to any future sentence he receives under this same docket number.

On December 16, 2024, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #50, Sealed). The Second Amended Petition asserts that Defendant violated seven conditions of supervision, as follows: (1) & (2) (mandatory) Defendant shall not commit another federal, state, or local crime; (3) (standard) After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officers, and Defendant must report to the probation officer as instructed; (4) (standard) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment, he must try and find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where he works or anything about his work (such as his position or job responsibilities), Defendant must notify the probation officer at least ten days in advance before the change. If notifying the probation officer at least ten days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change; (5) (standard) Defendant must follow the instructions of the probation officer related to the conditions of supervision; (6) (special) Defendant shall pay to the United States a special assessment of $100.00 for Count 2, which shall be due immediately. Said special assessment shall be paid to the U.S. District Court Clerk; and (7) (special) Defendant must avoid all contact with the victims of this offense: Christina Bivins, Jaylyn Conner, Karla Grimmett, and Aubrey Cress, directly or indirectly (including through third parties as well as written, telephonic and electronic communications). (Dkt. #50 at pp. 1–4, Sealed).

The Second Amended Petition alleges that Defendant committed the following acts: (1) On February 4, 2023, Garland Police Department officers were dispatched to a domestic disturbance where a female victim, Elizabeth O'Neil, reported that Defendant had physically assaulted her. On February 8, 2023, a warrant was issued for Defendant for Assault Causing Bodily Injury – Family Violence with Previous Conviction, a 3rd Degree Felony in violation of Texas Penal Code 22.01(b). On October 11, 2023, the charge was dismissed in exchange for Defendant's guilty plea in two other felony cases in the 195th Judicial District Court of Dallas County. The offenses for which he pled guilty occurred prior to supervision in this matter. According to the report, Defendant asked Ms. O'Neil to create a Lyft account for him in her name, but she refused. Defendant began throwing items around the house and grabbed both her wrists and squeezed his fingernails into the back of her hands, resulting in a small cut. Defendant then raised his fist and threatened to strike her in the face; (2) On or about June 2, 2023, warrants were issued for Defendant by DFW Airport Police for Burglary, a 3rd Degree Felony, Impersonating a Public Servant, a 3rd Degree Felony, and Online Impersonation, a 3rd Degree Felony. The offenses were committed on April 12, 2023. On December 15, 2023, Defendant was convicted of Impersonating a Public Servant in Tarrant County Case No. 1784247 and sentenced to two years imprisonment in the Texas Department of Criminal Justice. According to the incident report, Defendant stole the uniform of DFW Airport Fire Captain L. Ferrer from his office after meeting with him at the Fire Research Training Center. Defendant told Capt. Ferrer that he was a Dallas Firefighter who was interested in a lateral transfer to DFW Airport EMS. After gaining the trust of Capt. Ferrer, Defendant stole his uniform while he was out of the room and began posting photos of himself on Facebook in the uniform. Additionally, Defendant created a Facebook page and an "Autism Speaks" fundraiser under the name of "Luis Ferrer" in an attempt to assume his identity and

defraud others; (3) Defendant failed to submit a monthly supervision report for February 2023 by the fifth of the month as directed; (4) Defendant failed to obtain employment during the term of supervised release; (5) On February 22, 2023, the U.S. Probation Officer spoke with Defendant via telephone and instructed him to turn himself in on the pending assault warrant with the Garland Police Department. However, Defendant has failed to turn himself in and has avoided all calls from the U.S. Probation Office since that date; (6) Defendant failed to pay his $100 special assessment as directed; and (7) On April 24, 2023, the U.S. Probation Office was notified by Special Agent Erin Simmons with Immigration and Customs Enforcement ("ICE") that Defendant sent a Facebook message to victim Jaylyn Conner on April 23, 2023. Agent Simmons provided a screenshot of the message, which reads "Good afternoon beautiful." On April 25, 2023, the U.S. Probation Office was notified by Special Agent Erin Simmons with ICE that Defendant sent victim Kristina Grimmett a Facebook friend request. According to Agent Simmons, Ms. Grimmett deleted the request and was "extremely scared" after the contact from Defendant. On May 30, 2023, the U.S. Probation Office was notified by Special Agent Erin Simmons with ICE that Defendant sent a Facebook friend request as well as a Facebook message to victim Kristina Grimmett on May 29, 2023. The message read "Good morning beautiful, how have you been? How's the baby?" (Dkt. #50 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegation (1) of the Second Amended Petition. Defendant entered a plea of true to allegations (2)–(7) of the Second Amended Petition.

Having considered the Petition and the plea of true to allegations (2)–(7), the court finds that Defendant did violate his conditions of supervised release.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of twelve (12) months to run consecutively to the term of imprisonment in Defendant's state court case with no supervised release to follow.

The court further recommends that allegation (1) of the Second Amended Petition be dismissed.

The court further recommends that Defendant receive 240 days credit for time overserved.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**IT IS SO ORDERED.**

**SIGNED this 6th day of February, 2025.**

*[signature]*
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE